(53 Misc. Rep. 583)

### GOODMAN v. GREENBERG et al.

#### (Supreme Court, Appellate Term. April 10, 1907.)

EVIDENCE—COPIES OF RECORDS—LEASES.

> A copy of a lease for less than three years, the original of which was recorded in the register's office, certified by the register "to be a correct transcript therefrom and of the whole of said instrument," not being a conveyance within the terms of Real Property Law, Laws 1896, p. 607, c. 547, § 240, defining the term "conveyance" as including every written instrument except a lease for a term not exceeding three years, is not admissible in evidence under the terms of Code, § 935, providing that a conveyance, or a transcript thereof, duly certified and acknowledged in the manner prescribed by law to entitle it to be recorded, is evidence without further proof.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Dispossession proceedings by Joseph Goodman against Abraham Greenberg and Solomon Greenberg. From an order awarding possession to plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Louis Levene, for appellants.
Moss & Feiner, for respondent.

ERLANGER, J. On January 15, 1904, one Louis Goodman, as landlord, by written lease, let unto one Michael Smith, as tenant, for the term of 2½ years, the premises which are the subject of this proceeding. The lease by its terms was to expire on December 31, 1906. On September 29, 1904, Goodman by an instrument in writing duly consented to an assignment of the lease to the appellants, who thereby agreed to assume all the terms and conditions imposed upon Smith with the same force and effect as if they had originally made said lease. Thereafter, and on October 3, 1904, the said Louis Goodman died intestate, leaving, him surviving, his widow and seven children. On January 4, 1907, the petitioner, Joseph Goodman, describing himself as owner and landlord of an undivided one-seventh interest in the fee of said premises, brought this proceeding to oust appellants and their tenants from the premises, alleging that the term for which said premises were hired had expired. On January 9, 1907, a final order was made

awarding possession to said landlord, and from that order the tenants appeal.

Upon the trial it was admitted by appellants that Louis Goodman died intestate on October 3, 1904, leaving, him surviving, as widow and children, the persons mentioned in the petition, and that no general or testamentary guardian had been appointed for the infant children, and that the petitioner was authorized by the widow and adult children to maintain this proceeding. Appellants also admitted that they entered into possession of the premises on September 29, 1904, and are now in occupation thereof. Respondent offered in evidence the lease and assignment, which were admitted, and then rested. Appellants offered the same documents, which were again admitted and then it was attempted to introduce in evidence a copy of a paper writing, the original of which it was claimed was recorded in the register's office of this county on the 20th day of November, 1906, certified by the register, and which certificate recites that the annexed copy was compared with an instrument recorded on the day last named in the register's office, and was declared "to be a correct transcript therefrom, and of the whole of said instrument." Objection to the admission of the paper was made on the ground that it was incompetent, and that no proper foundation had been laid for its introduction. On this objection being made, the court said, "There is no foundation laid for its introducton," and the paper was marked "Tenants' Exhibit C, for identification." Under this ruling the paper was excluded. A verdict was thereupon directed in favor of respondent, and an exception noted.

It is conceded by appellants that the only question involved on this appeal is the ruling made by the trial justice in excluding the paper writing referred to. No attempt was made to prove that Louis Goodman in his lifetime ever executed or delivered such a paper, nor was the original produced, or its loss accounted for, so as to admit a copy as secondary evidence. We have been referred to no authority which, under the circumstances, made the paper competent. But it is asserted that, as the instrument was properly certified by the register of this county, it was receivable in evidence with like force and effect as the original, and that no proof was required in respect of its execution or effectiveness as original evidence; and section 935 of the Code is relied upon to sustain the claim. That section is as follows:

"A conveyance, acknowledged or proved, and certified in the manner prescribed by law, to entitle it to be recorded in the county where it is offered, is evidence, without further proof thereof. Except as otherwise prescribed by law, the record of a conveyance duly recorded, within the state, or a transcript thereof, duly certified, is evidence, with like effect as the original conveyance."

The question then is, what is meant by the term "conveyance?" and the answer thereto may be readily found in the statutes. Section 240 of the real property law (Laws 1896, p. 607, c. 547) provides that:

"The term 'conveyance' includes every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected, including an instrument in execution of a power, and although the power be one of revocation only; except a will, a lease for a term not exceeding three years, an executory contract for the sale or purchase of lands and an instrument contain-

ing a power to convey real property as the agent or attorney for the owner of such property."

If, therefore, a lease for three years is not within the purview of the act, it would seem to follow that a lease for a shorter period is also excluded.   9 Cyc. 860, 862.

The final order must be affirmed, with costs.   All concur.